IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KEITH LANIER                                                                    PETITIONER
Reg. #32552-044

VS.                    CASE NO.: 2:08CV000114 WRW/BD

T.C. OUTLAW, Warden,
FCC-Forrest City, Arkansas                                                      RESPONDENT

**RECOMMENDED DISPOSITION**

I.  **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## II.   Background and Discussion

Petitioner is serving twenty-four months of supervised release after serving a thirty-month sentence in the Bureau of Prisons ("BOP") after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Docket entry #2 at p. 3) On June 10, 2008, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (#2), claiming that under 18 U.S.C. § 3621(e), he is eligible for a reduction in his sentence because he successfully completed a residential drug abuse program. (#2 at p. 4)

On July 1, 2008, the Court entered an order (#8) granting Petitioner's motion to stay his petition pending a decision by the Eighth Circuit Court of Appeals in *Gatewood v. Outlaw*, 560 F.3d 843 (8th Cir. 2009). On March 26, 2009, the Eighth Circuit affirmed the District Court's dismissal of the *Gatewood* habeas petition. *Id*. In that case, the Court rejected the Ninth Circuit's analysis in *Arrington v. Daniles*, 516 F.3d 1106 (9th Cir. 2008) and held that the BOP's regulations, which disqualify prisoners whose offense involves firearms from early release after successful completion of a residential drug abuse program, do not violate the Administrative Procedures Act.

Petitioner has now moved to lift the stay and reopen his case after the United States Supreme Court denied *certiorari* and denied a petition for rehearing in *Gatewood*.

(#9)  See *Gatewood v. T.C. Outlaw*, 560 F.3d 843, *cert. denied*, 130 S.Ct. 490 (2009), *petition for rehearing denied*, 2010 WL 58841 (Jan. 11, 2010).  The District Court granted the motion to reopen the case and referred the case to this Court for recommended disposition.  (#10)

In his motion to lift the stay, Petitioner again asks the Court to grant him eligibility for early release from supervision based upon his completion of the residential drug abuse program.  He acknowledges that the *Gatewood* decision is dispositive but claims the Eighth Circuit erred in rejecting the Ninth Circuit's analysis in *Arrington*.

Petitioner pled guilty to an offense under 18 U.S.C. § 922(g) involving possession of a firearm.  Under 28 C.F.R. § 550.55(b)(5)(ii) and BOP Program Statement 5162.05,[1] Petitioner is ineligible for a reduction in his sentence under 18 U.S.C. § 3621(e).  *Id*. at 849.

### III. Conclusion

Based on the Eighth Circuit's ruling in *Gatewood*, the Court recommends that the District Court dismiss the petition with prejudice.

---

[1] Title 28 C.F.R. § 550.55 became effective on March 16, 2009.  On the same day, the Bureau of Prisons issued Program Statement 5162.05 and rescinded Program Statement 5162.04.

3

DATED this 19th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE